### No. 55

STATE ex TEPPER et al v. DUFFY; Director

Ohio Appeals, 4th Dist., Franklin Co.

No. 1205. Decided Sept. 29, 1924

Allread, Ferneding and Mauck, JJ., sitting.

747. MANDAMUS—Not appropriate action when there is provision for adequate remedy at law.

ALLREAD, J.

#### Epitomized Opinion

Published only in Ohio Law Abstract

The original action was one in mandamus by Joseph Tepper against Wm. Duffy, director public service of Columbus; Tepper as a subcontractor perfected a mechanic's lien, notification of which was sent to principal contractor who failed to object to the validity of the lien within time prescribed by statute. The city in paying off the principal contractor, withheld an amount sufficient to satisfy Tepper; who at once sought to mandamus the city. Demurrer to petition was overruled, and was later sustained. Final judgment was rendered dismissing Tepper's claim.

In affirming the common pleas the Court of Appeals held: The main suestion in this case is whether or not a mandamus action is appropriate when there is at law an adequate remedy, Mechnic's lien statute. 8331 GC. pro-

vides for an action at law in a case of this kind, therefore we are of the opinion that mandamus does not lie in this case.

The fact that the principal contractor was joined with Tepper as party plaintiff, in common pleas was not prejudicial; has no effect on the questions presented in this case even though principal contractor had filed intervening cross petition against city for amount retained by it.

Attorneys—Eugene Morgan, for Tepper; Chas. Leach and Louis Laylin, for city; all of Columbus.

---

### No. 56

FERTEL-D. W. CO. v. SCHONBERG

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 4969. Decided Sept. 29, 1924

465. ERROR—Verdict for plaintiff on petition and cross-petition being indivisible, cannot be affirmed as to petition and reversed as to cross-petition.

SULLIVAN, J.

#### Epitomized Opinion

Published only in Ohio Law Abstract

Action by Sconberg to recover for certain metal goods for which it was claimed there was a balance due of $3963.25 with interest from July 1, 1917. An answer and cross-petition was filed for damages on breach of contract growing out of the sale of metal goods. A verdict was rendered for Schonberg on his petition and for him on the cross-petition of the company and a judgment entered in his favor in the sum of $4086.61. The evidence showed that Schonberg failed to deliver goods because of his inability to do so but he attempted to avail himself of the defense that inasmuch as installments under the contract were not paid for as determined therein upon the delivery of the goods his default to furnish the goods was in law excusable. On error proceedings the court of appeals reversed the judgment and remanded the cause holding:

1. As the verdict is indivisible the court cannot affirm the verdict as to the plaintiff's case and reverse it as to the defendant's cross-petition and is therefore compelled to look at the record as it relates to the claim of the cross-petitioner who claims damages for breach of contract.

2. The record with respect to claim for damages for breach of contract leaves the verdict clearly and manifestly against the weight of the evidence.

Attorneys—Bulkley, Hauxhurst, Jamison & sharp, for Fertel-Daughler-Wilson Co.; Harry F. Glick, for Schonberg; all of Cleveland.